UNITED STATES of America,
Plaintiff-Appellee,

v.

Liston Alphonso BERTRAND,
Defendant-Appellant.

No. 78–5216.

United States Court of Appeals,
Sixth Circuit.

Argued Nov. 27, 1978.

Decided and Filed April 5, 1979.

Thomas E. Clay, Louisville, Ky. (Court-appointed—CJA, for defendant-appellant.

Albert Jones, U. S. Atty., James H. Barr, Barry L. Master, Louisville, Ky., for plaintiff-appellee.

Before EDWARDS, Chief Judge, LIVELY and ENGEL, Circuit Judges.

EDWARDS, Chief Judge.

This is a direct appeal from a conviction and sentence after jury trial in the United States District Court for the Western District of Kentucky. Appellant Bertrand had been indicted on two counts charging violation of 18 U.S.C. § 505 (1976). The statute in question reads:

Whoever forges the signature of any judge, register, or other officer of any court of the United States, or of any Territory thereof, or forges or counterfeits the seal of any such court, or knowingly concurs in using any such forged or counterfeit signature or seal, for the purpose of authenticating any proceeding or document, or tenders in evidence any such proceeding or document with a false or counterfeit signature of any such judge, register, or other officer, or a false or counterfeit seal of the court, subscribed or attached thereto, knowing such signature or seal to be false or counterfeit, shall be fined not more than $5,000 or imprisoned not more than five years, or both.

Count I of the indictment, which charged appellant with forging a signature of a United States District Court Clerk, was dismissed on motion at the close of the case for the government. Appellant was convicted on Count II, which charged:

On or about the 10th day of June, 1977, in the Western District of Kentucky, LISTON ALPHONSO BERTRAND did wilfully and knowingly concur in using the forged and counterfeit signature of Larry G. Brown, Deputy Clerk, United States District Court, Eastern District of Kentucky, on a document styled United States District Court, Western District of Kentucky, at Louisville, Kentucky, Operation Fair Labor, Inc. et al., Plaintiff, vs. Officers and Representatives, Local 576, International Union, et al., Defendants, Order No. 77–84, and stamped Filed, $315.00, June 09, 1977, June 09 PAID, and stamped a True Copy Attest, Davis T. McGarvey, Clerk, U.S. District Court, By: Larry G. Brown, D.C., for the purpose of authenticating said document.

In violation of Section 505, Title 18, United States Code.

■ On appeal appellant presents two issues. The first we believe is frivolous. In it appellant claimed entitlement to a judgment of acquittal because "the United States failed to prove Larry G. Brown and Davis T. McGarvey are officers of the court." Brown was a deputy clerk and McGarvey was Clerk of the United States District Court for the Eastern District of Kentucky. Brown testified at this trial and identified himself and McGarvey by their titles. This being so, we have no doubt that the District Judge committed no error in his charge to the jury by identifying Brown as an officer of the court, within the meaning of 18 U.S.C. § 505 (1976). *See* 28 U.S.C. §§ 751, 951 (1976).

■ The second appellate issue, however, presents a claim of failure of proof that the admittedly false signature of Brown on Government Exhibit # 1 was forged with fraudulent intent. This issue requires consideration of the proofs offered at trial stated from the point of view favorable to the government which the jury adopted by its verdict. *Glasser v. United States,* 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942).

On the evening of June 10, 1977, a meeting attended by 17 or 18 persons was held at the residence of Don and Louise Swanson to discuss the filing of a lawsuit by dissatisfied members of a labor union. At the meeting appellant Bertrand read what purported to be a complaint filed in the Western District of Kentucky. This document (Government Exhibit # 1), was stamped with the name of Larry G. Brown, who is deputy clerk of the *Eastern* District of Kentucky, and contained what purported to be Brown's signature [1] and the words "$315 paid." Bertrand collected this sum as reimbursement from the union members at the meeting. Subsequently, some of the members discovered that the complaint which had been displayed at the June 10, 1977, meeting had *not* been filed and that subsequently Bertrand, on June 13, had filed a complaint in the Western District of Kentucky and paid the filing fee of $15.

These facts were, of course, ample to allow the jury to find that appellant's scheme was executed with fraudulent intent. But it is appellant's claim that there is no testimony as to the fraudulent intent of the person who signed Brown's name to Exhibit # 1.

While the statute at issue does not in terms require proof of the fraudulent intent of the maker of the document, such proof was required for establishing the common-law crime of forgery. Case law in this circuit has applied this requirement to 18 U.S.C. § 505 (1976). In 1931 this court said:

The word "forged" in the statute under which this conviction was had must be given some meaning. The common-law crime of forgery contains as an essential ingredient fraudulent intent. This is well settled. We conclude that Congress must have used it intending thereby to couple with the intent to authenticate the intent to defraud.

1. Brown testified that the signature was not his, and no dispute was joined on this issue.

An examination of the entire section under which the indictment is drawn discloses that it penalizes the tendering in evidence of any such document with a false or counterfeit signature of such officer knowing such signature to be false or counterfeit. While this language may be broad enough to indicate an intent on the part of Congress to prohibit the use, without intent to defraud, of such known false or counterfeit signature and give some color to the insistence that the word "forge" in the earlier portion of the statute should be construed to mean "unauthorized," that construction would require reading into the earlier portion of the statute the phrase "knowing the lack of authority," and, if this construction should be found permissible under the settled rules, an indictment thereunder would necessarily contain the allegation that the defendant knowingly forged, that is, affixed the signature without authority, knowing he had no authority to so affix the same. We are of the opinion that Congress, regardless of its intent, by the use of the verb "forge," limited the application of the statute, in so far as cases of intended authentication are concerned, to those in which the elements of common-law forgery enter.

The government proved facts from which the jury might have inferred the fraudulent intent necessary under the statute to constitute the offense; but the jury might very well have believed that there was no such intent and yet under the charge felt compelled to convict.

Because of the charge authorizing a conviction without the finding of fraudulent intent, the judgment is reversed, and the cause remanded for a new trial. *Levinson v. United States,* 47 F.2d 470, 471–72 (6th Cir. 1931) (footnote omitted). The Seventh Circuit held similarly by dictum. *United States v. Dyer,* 546 F.2d 1313, 1316 (7th Cir. 1976). Indeed, the government in this case concedes:

The United States does not dispute that fraudulent intent is an essential element of the statutory crime of willfully and knowingly concurring in using a forged signature of a Deputy Clerk of the United States District Court in violation of Title 18, United States Code, Section 505.

Finally, the government argues that the total facts are sufficient to allow the jury to find that the false signature was placed on the document with fraudulent intent. Our difficulty with that argument is that this record does not disclose a request for a judicial charge stating that fraudulent intent on the part of the maker of the false signature was required for a finding of guilty. Nor is there any indication that the District Judge gave such a charge *sua sponte.*

Under these facts, this appeal is governed by the doctrine of *stare decisis. See Levinson v. United States, supra.* The judgment of conviction is reversed and the case is remanded to the District Court for a new trial.