**UNITED STATES of America,
Plaintiff–Appellant,**

v.

**Liston Alphonso BERTRAND,
Defendant–Appellee.**

**No. 79–5442.**

United States Court of Appeals,
Sixth Circuit.

Argued Oct. 8, 1980.

Decided Nov. 5, 1980.

Rehearing and Rehearing En Banc
Denied Dec. 10, 1980.

Albert Jones, U. S. Atty., Michael R. Tilley, Asst. U. S. Atty., Louisville, Ky., John C. Winkfield, William Otis, Appellate Section, Criminal Division, Washington, D. C., for plaintiff–appellant.

Thomas E. Clay, Louisville, Ky., for defendant–appellee.

Before EDWARDS, Chief Judge, LIVELY and ENGEL, Circuit Judges.

PER CURIAM.

This is an appeal in the above–styled case which had been remanded to the District Court because "this record does not disclose a request for a judicial charge stating that fraudulent intent on the part of the maker of the false signature was required for a finding of guilty. Nor is there any indication that the District Judge gave such a charge, *sua sponte.*" *United States v. Bertrand,* 596 F.2d 150 (6th Cir. 1979).

This court's previous opinion was based upon a 1931 case, *Levinson v. United States,* 47 F.2d 470, 471–72 (6th Cir. 1931), which construed the statute under which this action was brought:

> Whoever forges the signature of any judge, register, or other officer of any court of the United States, or of any Territory thereof, or forges or counterfeits the seal of any such court, or knowingly concurs in using any such forged or counterfeit signature or seal, for the purpose of authenticating any proceeding or document, or tenders in evidence any such proceeding or document with a false or counterfeit signature of any such judge, register, or other officer, or a false or counterfeit seal of the court, subscribed or attached thereto, knowing such signature or seal to be false or counterfeit, shall be fined not more than $5,000 or imprisoned not more than five years, or both.

18 U.S.C. § 505 (1976).

At retrial the District Judge instructed the jury as follows concerning Count 2 which alleged:

> "BERTRAND did wilfully and knowingly concur in using the forged and counterfeit signature of Larry G. Brown, Deputy Clerk, United States District Court, Eastern District of Kentucky, on a document styled United States District Court, Western District of Kentucky, at Louisville, Kentucky, Operation Fair Labor, Inc. et al., Plaintiff, vs. Officers and Representatives, Local 576, International

Union, et al., Defendants, Order No. 77–84, . . . . "

The judicial instruction pertaining to this count at the retrial read:

THE COURT: Everybody is satisfied and no objections? The Court has made a correction in the instructions previously given in the essential elements of the offense. They now read as follows: Four essential elements are required to be proved in order to establish the offense charged in Count I of the indictment: *First*: The act of concurring in the use of a forged signature of an officer of the United States District Court, as charged in the indictment; *Secondly:* Doing such act for the purpose of authenticating the document entitled "Order", as charged in the indictment; *Third:* Doing such act with knowledge that the signature of a court officer was a forgery; *Fourth:* Doing such act willfully and with the intent to defraud another. For the purpose of this instruction, the signature is forged when made by a person other than the one whose name appears, if made willfully and without authority and with intent to defraud. Thus, <u>the document allegedly forged must have been signed with fraudulent intent</u>. (Emphasis added.)

The underlined sentence above was the sentence required by the *Levinson* opinion which occasioned the reversal.

The jury at the second trial again found defendant Bertrand guilty and a judgment and commitment order, filed June 5, 1979, was entered sentencing him to 30 months as to Count 2 of the indictment.

Thereafter on motion for acquittal filed June 11, 1979, the District Judge filed a memorandum opinion in which he recited the evidence in this record which supported the jury verdict and then held that evidence was not sufficiently substantial to support the jury verdict. Our review of this record is to the contrary.

The District Judge's charge on this occasion was in entire conformity with our instruction. The case was retried to a new jury on evidence which was more than sufficient to establish the fraudulent scheme and in our judgment sufficient to allow the jury to determine that defendant knowingly concurred in using a forged or counterfeit signature.

Under these circumstances the motion for acquittal should be denied and the court's orders granting such motion must now be vacated reinstating the commitment properly entered June 5, 1979.