**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 7 1997**

**PATRICK FISHER**
**Clerk**

PUBLISH

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

ROGER COWAN,

      Defendant-Appellant.

No. 96-8094

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING
(D.C. No. 95-CR-0106-B)

---

Francis Leland Pico, Assistant United States Attorney (David D. Freudenthal, United States Attorney, and David A. Kubichek, Assistant United States Attorney, with him on the brief), Casper, Wyoming, for Plaintiff-Appellee.

Daniel G. Blythe of Blythe & Steiner-Lewis, Cheyenne, Wyoming, for Defendant-Appellant.

---

Before SEYMOUR, Chief Judge, PORFILIO, and BALDOCK, Circuit Judges.

---

BALDOCK, Circuit Judge.

This appeal presents the question of whether the intent to defraud is an element of the crime of forging the signature of a federal judge in violation of 18 U.S.C. § 505. Section 505 provides in relevant part: "Whoever forges the signature of any judge . . . of any court of the United States, . . . for the purpose of authenticating any proceeding or document, knowing such signature . . . to be false . . . shall be fined under this Title or imprisoned not more than five years, or both." We hold that the intent to defraud is not an element of the crime.

I.

A grand jury indicted Defendant-Appellant Roger Cowan with one count of forging a federal judge's signature in violation of 18 U.S.C. § 505. The parties presented stipulated facts to the district court. Defendant then moved to dismiss the indictment against him pursuant to Fed. R. Crim. P. 12(b), arguing that the stipulated facts did not support the indictment's criminal charge because the stipulated facts did not as a matter of law establish the element of the intent to defraud. See United States v. Hall, 20 F.3d 1084, 1087-88 (10th Cir. 1994) (where the facts are uncontroverted, the district court may examine the factual predicate for the indictment to determine whether the government as a matter of law is incapable of proving its case beyond a reasonable doubt). The district court denied the motion to dismiss holding that the intent to defraud was not an element of the § 505 charge. The district court held in the alternative that assuming the intent to defraud was an element of the crime, the stipulated facts were sufficient to establish the

2

element before a jury. Thereafter, Defendant entered a conditional plea of guilty pursuant to Fed. R. Crim. P. (11)(a)(2), reserving his right to appeal the district court's order denying his motion to dismiss the indictment. Our jurisdiction arises under 28 U.S.C. § 1291. We review de novo, United States v. Myers, 106 F.3d 936, 941 (10th Cir.), cert. denied, __ S. Ct. __ (1997), and affirm.

II.

Defendant was an attorney licensed to practice law in Wyoming. In the winter of 1991-1992, Carl Hostetter retained Defendant under a contingent fee arrangement to pursue a personal injury claim against General Motors arising from an automobile accident. During 1992 and 1993, Hostetter repeatedly contacted Defendant to determine the status of his case. Defendant informed Hostetter that Defendant had filed suit when in fact he had not. Upon further inquiries from Hostetter, Defendant informed him that Defendant had submitted the case to mediation when in fact he had not.

Defendant prepared a document under the heading of the United States District Court for the District of Wyoming entitled "Mediation Decision-Hostetter v. G.M., et. al." The document purported to award Hostetter money damages for his injuries in the amount of $696,000.00. At the end of the document, Defendant without authorization placed a signature purporting to be that of United States District Judge Alan B. Johnson. At the time Defendant prepared the document, he had yet to file suit on Hostetter's behalf. Nevertheless, Defendant informed Hostetter of the favorable "decision." In January

3

1994, Hostetter obtained a copy of the "mediation decision" from Defendant.

To make a long story short, Hostetter eventually contacted the United States District Court in Cheyenne, Wyoming, to check on the status of his lawsuit when his award was not forthcoming. The court advised Hostetter that no such lawsuit existed. The indictment against Defendant followed.

III.

Our starting point in interpreting 18 U.S.C. § 505 is its language. See United States v. Lira-Arrendondo, 38 F.3d 531, 533 (10th Cir. 1994). Absent a clearly expressed legislative intent to the contrary, we will deem the plain language of a statute conclusive and look no further into its meaning. See e.g., United States v. McCullah, 76 F.3d 1087, 1108 (10th Cir. 1996), cert. denied, 117 S. Ct. 1699 (1997); Prows v. Federal Bureau of Prisons, 981 F.2d 466, 469 (10th Cir. 1992). Thus, we begin by noting that nowhere does 18 U.S.C. § 505 say the crime of forging a federal judge's signature requires an intent to defraud. Nothing in the text of the statute even suggests that Congress intended to include the intent to defraud as an element of the crime. Cf. United States v. Wells, 117 S. Ct. 921, 927 (1997) (holding that materiality of falsehood is not an element of making a false statement to a federally insured bank under 18 U.S.C. § 1014).[1] To the contrary,

---

[1] In Wells, the Supreme Court was confronted with a question of statutory interpretation similar to the question before us. The Court refused to read into 18 U.S.C. § 1014 the element of materiality where a plain reading of the statute's text did not require it. In so holding, the Court rejected a long list of circuit court decisions holding that materiality was an element of the crime. Wells, 117 S. Ct. at 924, 925 n.3.

4

§ 505's plain language only requires that a defendant charged under the statute knowingly forge the signature of a federal judge "for the purpose of authenticating any proceeding or document." Although Congress did not define the term "forge" as used in § 505, the term generally is defined as "[t]o fabricate, construct, or prepare one thing in imitation of another thing, with the intention of substituting the false for the genuine . . . ." Black's Law Dictionary 650 (6th ed. 1990). In this case, Defendant prepared a court document knowing it to be false, and placed the district judge's signature thereon for the purpose of making the document appear authentic to his client. The plain language of § 505 requires nothing more.

Despite § 505's plain language, Defendant points out that the few circuit court decisions addressing the issue have concluded that the intent to defraud is an element of § 505, which the government must prove beyond a reasonable doubt to obtain a conviction. In Levinson v. United States, 47 F.2d 470, 471 (6th Cir. 1931), the Sixth Circuit opined that "Congress, regardless of its intent, by the use of the verb 'forge,' limited the application of the statute, in so far as cases of intended authentication are concerned, to those in which the elements of common-law forgery enter." Because the common law crime of forgery required an intent to defraud, see generally Moskal v. United States, 498 U.S. 103, 121-128 (1990) (Scalia, J., dissenting), so did § 505. The subsequent decisions in United States v. Bertrand, 596 F.2d 150 (6th Cir. 1979), and

5

United States v. London, 714 F.2d 1558 (11th Cir. 1983), followed Levinson's rationale.[2]

In United States v. Barber, 39 F.3d 285, 287 (10th Cir. 1994), we acknowledged that "in other circuits . . . [§ 505] necessarily includes the element of intent to defraud." Without deciding whether the intent to defraud was an element of the crime under § 505, we held that the district court did not commit plain error in failing to instruct the jury that financial loss or gain was an element of the crime: "[D]efendant argues financial loss or gain is a required element of 18 U.S.C. § 505; however, he has failed to demonstrate this requirement. Section 505 itself does not mention financial gain or loss, nor does it even mention 'intent to defraud.'" Id. at 288 (emphasis added).

Admittedly, one principle of statutory construction is that "where a federal criminal statute uses a common-law term of established meaning without otherwise defining it, the general practice is to give that term its common-law meaning." United States v. Turley, 352 U.S. 407, 411 (1957). The Supreme Court has recognized, however, that "Congress' general purpose in enacting a law may prevail over this rule of statutory construction" where the common law is inconsistent with that purpose. Moskal v. United States, 498 U.S. 103, 117 (1990). This is so because principles of statutory construction "'exist to discover and not to direct the Congressional will.'" Huddleston v. United

_____

[2] In United States v. Dyer, 546 F.2d 1313 (7th Cir. 1976), the Seventh Circuit discussed but did not decide whether the intent to defraud is an element of § 505. Id. at 1316 ("If it were necessary to reach the issue, much could be said for the . . . view that to prove the offense . . . the government was required to establish that the judge's signature was 'forged,' and that this meant it was necessary to prove the signer's intent.").

6

States, 415 U.S. 814, 831 (1974) (quoting United States ex rel. Marcus v. Hess, 317 U.S. 537, 542 (1943)). Given the basic principle that a court should interpret statutory language according to its terms, we must guard against interpretations which might defeat the statute's purpose as reflected by its text. The purpose of § 505 is to protect the reputation and integrity of the federal courts, their official documents and proceedings, rather than simply to outlaw a narrow category of fraud. The statute applies whenever someone attempts to impugn this integrity by forging a federal judge's signature onto a document in order to make that document appear authentic. A forged signature on a document which the forger intends to appear authentic is the only intent requirement of § 505.[3] Our construction of § 505 is true to both its text and purpose.

A review of the texts of other related statutes lends support to our construction of § 505. See Hubbard v. United States, 115 S. Ct. 1754, 1758 (1995) (proper method of analyzing a statutory term's "context" to determine when a presumptive definition must yield requires an examination of the text surrounding the word in question and the texts of other related statutes). Chapter 25 of Title 18 of the United States Code proscribes numerous acts pertaining to counterfeiting and forgery. Like § 505, the texts of other statutes in Chapter 25 designed to protect the integrity of government functions do not

---

[3] Contrary to Defendant's assertions, the Government does not take the position that the act of drawing a federal judge's signature onto a document alone is a criminal act. Such a reading of the statute would eliminate the express requirement that the forgery be made "for the purpose of authenticating" the document.

include the intent to defraud as an element of the crime of forgery.  E.g., 18 U.S.C. § 485 (prohibiting forgery of coins or bars in denominations greater than five cents); 18 U.S.C. § 490 (prohibiting forgery of one and five cent coins); 18 U.S.C. § 493 (prohibiting forgery of writings issued by certain federal financial institutions); 18 U.S.C. § 496 (prohibiting forgery of documents pertaining to imports and customs duties); 18 U.S.C. § 497 (prohibiting forgery of letters patent); 18 U.S.C. § 498 (prohibiting forgery of military certificates of discharge); 18 U.S.C. § 499 (prohibiting forgery of military passes); 18 U.S.C. § 501 (prohibiting forgery of domestic postage stamps); 18 U.S.C. § 502 (prohibiting forgery of foreign postage stamps); 18 U.S.C. § 506 (prohibiting forgery of government seals).

By comparison, Congress uses the phrase "with intent to defraud" no less than twenty times in Chapter 25 to define the elements of a crime.  In at least four of those instances, Congress has used the term "forges" together with the phrase "with intent to defraud."  E.g., 18 U.S.C. § 471 (prohibiting forgery of federal obligations "with intent to defraud"); 18 U.S.C. § 478 (prohibiting forgery of foreign obligations "with intent to defraud"); 18 U.S.C. § 482 (prohibiting forgery of foreign bank notes "with intent to defraud"); 18 U.S.C. § 500 (prohibiting forgery of postal service money orders "with intent to defraud").  We are satisfied that if Congress had intended to make the intent to defraud an element of the crime of forging a federal judge's signature under 18 U.S.C. § 505, it would have done so expressly.

Defendant attempts to show that Congress intended to include the intent to defraud as an element of the crime under § 505 by tracing the history of the statute. The statute first appeared as part of the Bankruptcy Act adopted in 1867. Much like its present day counterpart, the statute originally read in relevant part: "[I]f any person shall forge the signature of a judge . . . of the court, . . . for the purpose of authenticating any proceeding or document, . . . knowing such signature . . . to be false . . . any such person shall be guilty of a felony . . . ." Uniform System of Bankruptcy, ch. 176, § 46, 14 Stat. 517, 539 (1867).[4] Defendant thus concludes that the statute was aimed at dishonest debtors and necessarily includes as an element the intent to defraud for financial gain. No elucidating legislative history, however, exists to support Defendant's claim and without more we are hesitant to stray from the plain language of the statute which notably does not limit the statute's effect to bankruptcy actions or require the intent to defraud. In reaching this conclusion, we are mindful of the Supreme Court's admonition in Hubbard v. United States, 115 S. Ct. 1754, 1759 (1995) (internal quotations omitted):

> Although the historical evolution of a statute--based on decisions by the entire Congress--should not be discounted . . . a historical analysis normally provides less guidance to a statute's meaning than its final text. In the ordinary case, absent any indication that doing so would frustrate Congress's clear intention or yield patent absurdity, our obligation is to apply the statute as Congress wrote it.

---

[4] Congress subsequently reenacted and recodified the statute as part of the federal penal code with only minor changes on four occasions. See Rev. Stat. § 5419 (1877); 35 Stat. 1112 (1909); 62 Stat. 714 (1948); 108 Stat. 2147 (1994).

9

Accordingly, the judgment of the district court is

AFFIRMED.[5]

---

[5] Defendant also contends that the district court erred in sentencing him under the obstruction of justice guidelines, U.S.S.G. § 2J1.2, rather than the fraud guidelines, U.S.S.G. § 2F1.1. To locate the guidelines that apply to a criminal charge, U.S.S.G. § 1B1.2(a) directs the district court to "[d]etermine the offense guideline section in Chapter Two (Offense Conduct) most applicable to the offense of conviction." Application Note 1 to § 1B1.2 refers to the Statutory Index. The Statutory Index for 18 U.S.C. § 505 refers to both § 2J1.2 and § 2F1.1. Where the index refers the court to more than one guideline section, Application Note 1 to § 1B1.2 directs the court to determine the applicable guidelines based upon the nature of the offense of conviction. In this case, the district court properly rejected application of the fraud guidelines because Defendant's conduct was not designed to defraud Hostetter of any property. Rather, Defendant's deceit in forging Judge Johnson's signature jeopardized Hostetter's right to have his legal claims heard, and thus is more properly akin to an obstruction of justice.