F I L E D
United States Court of Appeals
Tenth Circuit

**JUN 3 1999**

**PATRICK FISHER**
Clerk

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

LISA CHERI TURNER,

Defendant - Appellant.

No. 98-3221
(D. Ct. No. 97-CR-20062)
(D. Kan.)

ORDER AND JUDGMENT[*]

Before **TACHA**, **McKAY**, and **MURPHY**, Circuit Judges.


After examining the briefs and the appellate record, this three-judge panel

has determined unanimously that oral argument would not be of material

assistance in the determination of this appeal.  See Fed. R. App. P. 34(a)(2); 10th

Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

This appeal is from an order of the district court sentencing defendant to an

eighteen month term of imprisonment after she pleaded guilty to one count of

knowingly and fraudulently making a false declaration in a bankruptcy court

---

[*]This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel.  This court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

proceeding in violation of 18 U.S.C. § 152(3). The district court applied United States Sentencing Guidelines ("U.S.S.G.") § 2F1.1, which covers offenses of fraud and deceit, in imposing the term of imprisonment. On appeal, defendant alleges that the district court erred in applying § 2F1.1 and should instead have applied § 2J1.3, which covers perjury offenses. We affirm.

U.S.S.G. § 1B1.2 requires courts to select the offense conduct "most applicable to the offense of conviction." Application Note 1 to § 1B1.2 explains that "[w]hen a particular statute proscribes a variety of conduct that might constitute the subject of different offense guidelines, the court will determine which guideline section applies based upon the nature of the offense conduct charged in the count of which the defendant was convicted." The Statutory Index, Appendix A of the Guidelines, provides a listing of applicable sentencing offense categories for each statutory violation. For 18 U.S.C. § 152, the Statutory Index lists U.S.S.G. §§ 2B4.1 (bribery), 2F1.1 (fraud and deceit), and 2J1.3 (perjury) as potentially applicable guidelines.

Defendant had been charged with one count of fraudulently filing a bankruptcy petition under another person's name, Jennifer Joy Cowdry, and with two counts of unauthorized use of credit cards, also in the name of Ms. Cowdry. She pleaded guilty to making a false statement in a bankruptcy proceeding, 18 U.S.C. § 152(3). Defendant argues that because the offense of which she was

convicted specifically refers to "making" a false declaration, she should be sentenced under the perjury provisions of the Sentencing Guidelines. The Guidelines, however, do not automatically mandate such a formalistic application. The Background Note to the Fraud and Deceit provision, § 2F1.1, explains:

> This guideline is designed to apply to a wide variety of cases. . . . The guideline does not link offense characteristics to specific code sections. Because federal fraud statutes are so broadly written, a single pattern of offense conduct usually can be prosecuted under several code sections, as a result of which the offense of conviction may be somewhat arbitrary. Furthermore, most fraud statutes cover a broad range of conduct with extreme variation in severity.

This makes clear that the fraud offenses cover a wide range of activities. In fact, courts have repeatedly applied § 2F1.1 to false statements made in violation of 18 U.S.C. § 152(3). See, e.g., United States v. Graham, 60 F.3d 463, 465-67 (8th Cir. 1995); United States v. Lindholm, 24 F.3d 1078, 1085 (9th Cir. 1994). Thus, the district court was correct to look to the nature of the defendant's fraudulent statement in determining the appropriate offense guideline. Cf. United States v. Cowan, 116 F.3d 1360, 1364 n.5 (10th Cir.), cert. denied, 118 S. Ct. 1037 (1998) (finding district court properly applied obstruction of justice guideline instead of fraud guideline after it determined defendant's forging of a judge's signature was designed to frustrate his client's right to have his claims heard).[1]

---

[1]The instant case differs from one in which the guideline directly references only one discrete offense of conviction. United States v. Ellison, 113 F.3d 77 (7th Cir.), cert. denied, 118 S. Ct. 235 (1997), illustrates this distinction. That case involved a violation

The transcript of the sentencing hearing in this matter makes clear that the district judge performed a thorough investigation of the circumstances and facts related to the offense to which the defendant pled guilty. The district judge's determination to sentence pursuant to § 2F1.1 of the Sentencing Guidelines was clearly the result of the court's understanding of the breadth of defendant's activities that related to the bankruptcy action. In determining the nature of the offense conduct, the district court looked at it in the context of defendant's overall actions. We cannot say that the district court erred when the application note directs courts to select a guidelines section based on the "nature of the offense conduct charged in the count of which the defendant was convicted," U.S.S.G. § 1B1.2, Application Note 1. The district court applied the fraud guideline because it found:

> Defendant's false statement under bankruptcy petition was made for purposes relating to fraudulent activity, that is, attempting to conceal that she had run up a number of debts that she was unauthorized to run up and for attempting to avoid having to account for and pay for those particular debts either to the creditors or to Ms. Cowdry.

of 18 U.S.C. § 2252(a), which criminalizes four separate "activities relating to material involving the sexual exploitation of minors." U.S.S.G. § 2G2.2 specifically referenced three of the offenses under § 2252(a), while U.S.S.G. § 2G2.4 specifically referenced only the fourth offense. The court found that the Sentencing Commission had provided clear guidance as to which guideline applied to which offense under § 2252(a) and that the sentencing court had no discretion to choose the appropriate guidelines section. See id. at 79-81. The case at bar presents a much different situation because the individual guidelines at issue make no specific reference to the bankruptcy fraud statute, suggesting the sentencing court must determine the appropriate guideline.

R. Vol. 4 at 21-22.  The district court's conclusion that the offense was more akin to fraud than perjury has support in the record and is not in error.  Therefore, we hold that the district court did not err in applying § 2F1.1.  **AFFIRMED**.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Circuit Judge