UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

ALAN MARTIN DAVIS,
*Defendant-Appellant.*

No. 00-4558

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

ALAN MARTIN DAVIS,
*Defendant-Appellant.*

No. 00-4745

Appeals from the United States District Court
for the District of Maryland, at Baltimore.
Andre M. Davis, District Judge.
(CR-00-238-AMD)

Submitted: June 29, 2001

Decided: October 29, 2001

Before WILKINS, MICHAEL, and TRAXLER, Circuit Judges.

───────────────

Affirmed in part and vacated and remanded in part by unpublished
per curiam opinion.

───────────────

## COUNSEL

Randolph O. Gregory, Sr., Baltimore, Maryland, for Appellant. Stephen M. Schenning, United States Attorney, Joyce K. McDonald, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Alan Martin Davis challenges his 21-month sentence imposed for forgery of a judicial signature, *see* 18 U.S.C.A. § 505 (West 2000), and bankruptcy fraud, *see* 18 U.S.C.A. § 157 (West 2000). Davis alleges that the district court erred in finding that *U.S. Sentencing Guidelines Manual* § 2J1.2 (1998), the obstruction of justice guideline, applied to forgery of a judicial signature on a fictitious court order; and in refusing to group the counts under USSG § 3D1.2 because there were two separate victims. We have reviewed the record and conclude that the court erred in applying USSG § 2J1.2 for the forgery offense and remand for resentencing on this issue. We also conclude that the court did not err in declining to group the offenses, and therefore affirm that part of the judgment.

Davis argues that the district court erred by applying USSG § 2J1.2, the obstruction of justice guideline, for the judicial forgery conviction under 18 U.S.C.A. § 505. This Court reviews the district court's guideline selection de novo. *See United States v. Lambert*, 994 F.2d 1088, 1091 (4th Cir. 1993).

The Sentencing Guidelines direct a sentencing court to use the Chapter Two guideline that is "most applicable to the offense of conviction," USSG § 1B1.2(a), and provide a statutory index of crimes and applicable guidelines to assist in that determination, *see* USSG

§ 1B1.2 comment. (n.1); USSG App. A. Appendix A of the Guidelines provides that for a violation of 18 U.S.C. § 505, the applicable guideline sections are § 2F1.1, which applies to offenses involving fraud or deceit, specifically forgery or altered or counterfeit instruments other than counterfeit currency, and § 2J1.2, which applies to obstruction of justice offenses. When more than one guideline is referenced in Appendix A, the sentencing court must "use the guideline most appropriate for the nature of the offense conduct charged in the count of which the defendant was convicted." USSG App. A, intro. comment.

The district court determined that obstruction of justice was the most applicable guideline for the offense conduct of creating a fictitious court order and affixing the judge's name to it. We disagree. By selecting both the fraud guideline and the obstruction of justice guideline as potentially applicable to a violation of 18 U.S.C.A. § 505, the Guidelines clearly contemplate that some violations of section 505 will not involve obstruction of justice. This approach is consistent with that of section 505, which, broadly speaking, proscribes two types of conduct: the use of a false or counterfeit judicial signature to authenticate a document, and the "tender[ing] in evidence" of a document with a forged or counterfeit judicial signature. 18 U.S.C.A. § 505. In our view, the fraud guideline generally will be the most applicable guideline when the section 505 violation involves only the authentication of a document for purposes of defrauding a third party.

This conclusion is supported by the Tenth Circuit's decision in *United States v. Cowan*, 116 F.3d 1360 (10th Cir. 1997). In *Cowan*, the court noted that the defendant's action of forging a judicial signature affected the victim's right to have his claims heard and was not an attempt to defraud the victim of property. The court therefore found that the obstruction of justice guideline was more applicable than the fraud guideline. *See id.* at 1364 n.5. In this case, Davis's conduct did not interfere with any judicial proceedings, but rather was an attempt to use the document with the forged judicial signature to defraud the creditor of its property. We therefore conclude that USSG § 2F1.1, the fraud guideline, should have been applied to the forgery offense. We remand the case to the district court for resentencing for the limited purpose of sentencing Davis on the 18 U.S.C.A. § 505 conviction using USSG § 2F1.1.

Davis also asserts that the forgery and bankruptcy fraud counts should have been grouped together under USSG § 3D1.2, which requires counts involving substantially the same harm to be grouped together. Under USSG § 3D1.2(b), counts involve substantially the same harm if they "involve the same victim and two or more acts or transactions connected by a common criminal objective or constituting part of a common scheme or plan." Davis argues that the creditor was the victim of both offenses and that both offenses were part of a common scheme, so that the judicial forgery and bankruptcy fraud counts should have been grouped together. Whether the district court properly applied the grouping provisions is a question involving interpretation of the guidelines and is reviewed de novo. *See United States v. Toler*, 901 F.2d 399, 402 (4th Cir. 1990).

Although the judicial forgery was part of the same scheme to defraud Davis's creditor, the primary victims were not the same. As the district court concluded, the primary victim of the judicial forgery count was the judicial system itself. *Cf. Cowan*, 116 F.3d at 1363 ("The purpose of § 505 is to protect the reputation and integrity of the federal courts, their officials documents and proceedings. . . ."). The primary victim of the other counts, however, was Davis's creditor. We therefore conclude that the district court properly declined to group the counts under USSG § 3D1.2(b). *See Toler*, 901 F.2d at 403 (explaining that "the grouping determination looks only to the primary victim of the offenses" and affirming the district court's refusal to group offenses where the primary victim of one offense was the exploited minor and "society in general" was the primary victim of the other offenses); *see also United States v. Kunzman*, 54 F.3d 1522, 1531 (10th Cir. 1995) (affirming district court's refusal to group fraud and money laundering counts, because fraud victim is the individual defrauded, but society is the victim of money laundering).

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED IN PART; VACATED AND*
*REMANDED IN PART*