

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-6-2005

# USA v. Abdus-Shakur

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-2248

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"USA v. Abdus-Shakur" (2005). *2005 Decisions.* Paper 1572.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1572

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 04-2248

_____

UNITED STATES OF AMERICA
v.
JELANI KAMAU ABDUS-SHAKUR, Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C.  No. 04-CR-00045)
District Judge: The Honorable Robert B. Kugler

_____

Submitted Under Third Circuit LAR 34.1(a)
December 17, 2004

_____

Before: NYGAARD and GARTH, <u>Circuit</u> <u>Judges</u>.
and POLLAK,<sup>*</sup> <u>District</u> <u>Judge</u>.

(Filed   January 6, 2005)

_____

OPINION

_____

<sup>*</sup>Honorable Louis H. Pollak. Senior District Judge for the United States District
Court of the Eastern District of Pennsylvania, sitting by designation.

POLLAK, <u>District</u> <u>Judge</u>:

Jelani Kamau Abdus-Shakur pled guilty to forging a district court order compelling the Bureau of Prisons (BOP) to recognize his name change, in violation of 18 U.S.C. § 505 and 2. The District Court sentenced him to 21 months in prison in accordance with U.S.S.G. § 2J1.2, Obstruction of Justice. Abdus-Shakur appeals his sentence, arguing that this guideline is not appropriate and that the District Court should have sentenced him under U.S.S.G. §1B1.2(a), Fraud.[2] We will affirm.

We have jurisdiction to hear this appeal under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a)(1). Our review of the district court's interpretation of the Sentencing Guidelines is plenary. *United States v. Thomas,* 327 F.3d 253, 255 (3d Cir. 2003). Determinations of fact are reviewed for clear error. *Id*. In addition, we "'give due deference to the district court's application of the guidelines to the facts.'"*Id*. (*quoting* 18 U.S.C. §§ 3742(e)).

I.

In March 2001, appellant received a final judgment from the Superior Court of Cumberland County authorizing him to change his name from Chance Venable to Jelani

---

[2]The full title of the guideline section is "Larceny, Embezzlement, Other Forms of Theft; Offenses Involving Stolen Property; Property Damage or Destruction; Fraud and Deceit; Forgery; Offenses Involving Altered or Counterfeit Instruments Other than Counterfeit Bearer Obligations of the United States."

2

Kamau Abdus-Shakur. On October 11, 2002, while serving a prior federal sentence, Abdus-Shakur filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. That action, assigned to Judge William H. Walls, was mistakenly captioned *Chance Venable v. United States of America.* Appellant subsequently filed a motion and proposed order requesting that the District Court: (1) acknowledge his name change, (2) order the BOP to do the same, and (3) amend existing court and BOP records to reflect the change. In a letter to Abdus-Shakur, Judge Walls responded, "We will add you name change to the docket, but cannot retroactively change all of our records to reflect your new name." Judge Walls did not order the BOP to recognize Abdus-Shakur's name change or to amend their records. On or about December 29, 2002, appellant forged Judge Wall's signature on the proposed order compelling the BOP to recognize the name change and submitted it directly to the BOP.

The Presentence Investigation Report ("PSR") prepared by the probation office identified U.S.S.G § 2J1.2, Obstruction of Justice, as the appropriate guideline to apply in this case. The base offense level under this section is 12, which was reduced by two levels for appellant's acceptance of responsibility. Based on his criminal history category of IV, Abdus-Shakur was eligible to be sentenced to 15 to 21 months imprisonment.

Abdus-Shakur objected to PSR's application of the § 2J1.2 Obstruction of Justice guideline and suggested that the § 2B1.1 Fraud guideline was more appropriate. The base offense level under that section is 6. The addendum to the PSR stated, in part:

3

The background commentary to U.S.S.G. § 2J1.1 notes that one of the offenses included in this section is altering court records. The defendant clearly attempted to alter an 'Order' of the United States District Court by forging Judge Walls' name in order to have the BOP acknowledge his legal name change and that various records be amended to reflect the name change. ... [C]onceptually, it seems that the use of U.S.S.G. § 2B1.1 for a forgery offense would involve a financial loss (hence the loss table). Where no loss applies, conceptually it makes more sense to use U.S.S.G. § 2J1.2 for the forgery of a judge's signature.

Abdus-Shakur was sentenced on April 23, 2004. At sentencing, he renewed his objection and argued that the District Court should sentence him under §2B1.1. After careful consideration, the District Court disagreed. In making that determination, the Court explained:

> I think in order to use the 2B1.1 you need a sense of fraud, a classic common law fraud attempting to defraud somebody. And I don't think we have that in this case. The purpose of this was not to gain the property of anyone else. It is not monetary in any way. The purpose of this was to deceive the Bureau of Prisons. I think its important as the government has shown that Judge Walls had initially denied the request of the defendant for this name change. (App. 48).

The District Court then sentenced Abdus-Shakur to 21 months imprisonment and two years supervised release.

## II.

For convictions under 18 U.S.C. § 505, the Statutory Index lists both § 2B1.1, Fraud, and § 2J1.2, Obstruction of Justice, as applicable guidelines. Where more than one guideline section is referenced for a particular statute, "the court will determine which of the referenced guideline sections is most appropriate for the offense conduct charged in the count of which the defendant was convicted." U.S.S.G. § 1B1.2, Application Note 1.

4

Section 2B1.1 is contained in Part B of the Guideline Manual, which is entitled "Basic Economic Offenses." The introductory commentary states, "These sections address basic forms of *property offenses*: theft, embezzlement, fraud, forgery, counterfeiting ... insider trading, transactions in stolen goods, and simple property damage or destruction." (Emphasis added). Furthermore, offense level increases under this section are determined, in large part, by the amount of pecuniary loss or harm that results from the offense. *See* U.S.S.G. § 2B1(b)(1). In contrast, Abdus-Shakur's offense did not involve property or money of any kind. *See United States v. Cowan*, 116 F.3d 1360, 1364 n.5 (10th Cir. 1997) (rejecting application of the fraud guidelines because defendant's forgery of a judicial signature was "not designed to defraud [anyone] of property"). *Cf. United States v. Davis*, 26 Fed. Appx. 100, 2001 WL 1325971 at *1 (4th Cir. 2001) (unpublished) (applying the fraud guideline where defendant's forgery of a judicial signature "did not interfere with any judicial proceedings, but rather was an attempt to defraud the creditor of its *property*.") (Emphasis added). Because appellant's forgery did not involve property or financial harm, we agree with the District Court that his conduct does not fall under § 2B1.1.

Abdus-Shakur argues that the obstruction of justice guideline is inappropriate because his forgery did not interfere with any judicial proceeding. We disagree. As the background commentary for § 2J1.1 states, "Numerous offenses of varying seriousness may constitute obstruction of justice [including] ... "altering court records." By forging

Judge Walls' signature on the proposed order after the judge had refused to grant him relief, Abdus-Shakur altered the court's ruling on that motion. The District Court was therefore correct in applying the § 2J1.2 guideline for obstruction of justice and its order will be affirmed.[3]

---

[3]Originally, we had marked this appeal C.A.V. pending *United States v. Booker* and *United States v. Fanfan*, Nos. 04-104, 04-105, because the Appellant claimed that there were implications involving *Blakely v. Washington*, 124 S.Ct. 2531 (2004). Subsequent to our reviewing the briefs in this matter, the Government filed a memorandum, with no response from the Appellant, which satisfies us that *Blakely* had no effect on Shakur's sentence. We have thereupon affirmed the judgment of sentence, and in doing so, withdraw the C.A.V. designation.