**UNITED STATES of America,**

v.

**Roger Lee DAY, Appellant.**

**No. 01–1684.**

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Oct. 30, 2001.

Filed: Nov. 28, 2001.

Robert P. Fulton, Glenside, PA, Counsel for Appellant.

Michael L. Levy, United States Attorney, Robert A. Zauzmer, Assistant United States Attorney, Chief of Appeals, Bernadette McKeon, Assistant United States At-

torney, Philadelphia, PA, Counsel for Appellee.

Before SLOVITER, NYGAARD, and AMBRO, Circuit Judges.

## OPINION OF THE COURT

AMBRO, Circuit Judge.

Roger Lee Day appeals the enhancement of his sentence for bank robbery under the United States Sentencing Guidelines ("U.S.S.G."). Pursuant to a plea agreement, Day pled guilty before the District Court for the Eastern District of Pennsylvania to two counts of bank robbery. At sentencing, the District Court adopted the recommendation in the presentence investigation report that Day's sentence be enhanced two levels because he made a "threat of death" while committing the robberies. U.S.S.G. § 2B3.1(b)(2)(F).[1] This threat consisted of Day's passing notes to tellers at the banks he robbed that read, "Put some money on the counter. No dye packs. I have a gun." The District Court heard arguments on the appropriateness of this enhancement and concluded that the enhancement was warranted under this Court's holding in *United States v. Figueroa*, 105 F.3d 874 (3d Cir.1997). In *Figueroa*, the defendant used a note that read in relevant part, "I have a gun. Give me all the money." *Id.* at 876.

In this appeal, Day argues that *Figueroa* does not apply to this case because the Sentencing Guidelines in effect at that time required an "express threat of death" while the Guideline has since been amended to require only a "threat of death." He contends that the removal of the word "express" somehow narrowed the scope of this provision and that the Commentary supports this interpretation. We disagree and thus affirm Day's sentence.

## I. Jurisdiction and Standard of Review

We have jurisdiction over this appeal under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). Section 3742(a) provides that a "defendant may file a notice of appeal in the district court for review of an otherwise final sentence if the sentence ... (2) was imposed as a result of an incorrect application of the sentencing guidelines...." Our review of the District Court's application and interpretation of the Sentencing Guidelines is plenary. *United States v. Hallman*, 23 F.3d 821, 823 (3d Cir.1994).

## II. Discussion

Day concedes that, if not for a 1997 amendment to the Sentencing Guidelines, his case appears "strikingly similar" to *Figueroa*.[2] The amendment to which he refers took effect on November 1, 1997. It deleted the word "express" from the phrase "express threat of death," modified the accompanying Commentary to acknowledge that either an explicit or implicit threat would suffice, and slightly altered the Commentary language to explain the provision's intent to raise the offense level in cases in which the offender instills in a reasonable victim a fear of death.[3]

---

1. U.S.S.G. § 2B3.1(b) addresses specific offense characteristics for robbery. Subsection 2B3.1(b)(2)(F) states in full: "[I]f a threat of death was made, increase by 2 levels."

2. Prior to the amendment, U.S.S.G. § 2B3.1(b)(2)(F) read: "[I]f an express threat of death was made, increase by 2 levels."

3. The Commentary, as amended, provides as follows:

   "A threat of death," as used in subsection (b)(2)(F), may be in the form of an oral or written statement, act, gesture, or combination thereof. Accordingly, the defendant does not have to state expressly his intent to kill the victim in order for the enhancement

The only question we must answer is whether this amendment to U.S.S.G. § 2B3.1(b)(2)(F) subsequent to *Figueroa* could have invalidated that case. We conclude, to the contrary, that by removing the word "express" from the enhancement criteria, the Sentencing Commission did no more than clarify its approval of the result reached in *Figueroa* and similar cases decided by our sister courts of appeals.

■ Even when § 2B3.1(b)(2)(F) required an "express" threat of death, we held in *Figueroa* that the exact words "I have a gun" would suffice to trigger a two-point sentence enhancement. Day argues, however, that under the amended Guideline, in which the word "express" has been removed, the same words somehow no longer qualify as a threat of death. This argument does not make sense. The deletion of the word "express" plainly broadened the Guideline rather than narrowed it. Even if, contrary to *Figueroa*, the words "I have a gun" did not constitute an express threat of death, under the current Guideline language they would still qualify for the enhancement because they are an *implicit* threat of death. We thus agree with the Seventh Circuit's decision in *United States v. Gibson*, 155 F.3d 844 (7th Cir.1998), which held that the words "I have a gun" can constitute a threat of death under the amended Guideline provision. *Id.* at 847.

Notably, we already anticipated this case in the *Figueroa* opinion. At that time, we reached the obvious conclusion that our result would be the same—in fact, it would be even more clearly correct—under the amended Guideline. We wrote that

> [w]hile we do not doubt that our result is correct under section 2B3.1(b)(2)(F) and the commentary as it is now written, we take note of the circumstance that the United States Sentencing Commission has proposed an amendment to the commentary to make clear that the Commission's intent has been in accord with the majority position we now are joining.

*Figueroa*, 105 F.3d at 880. Likewise, the dissent in *Figueroa* argued that the word "express" in the Guideline indicated that it could not apply to an implicit threat such as "I have a gun," but that after the proposed amendment took effect, that difficulty would disappear. *Id.* at 881–82. That amendment passed exactly as we anticipated, and we see no reason now to reach a different result than the one we predicted.

The primary argument that Day offers for his interpretation is that the explanatory comment accompanying the amendment demonstrated the Sentencing Commission's intent to depart from *Figueroa*. He points out in particular that the explanatory comment does not explicitly approve *Figueroa* but does refer to other cases, namely *United States v. Robinson*, 86 F.3d 1197 (D.C.Cir.1996) (finding an express threat of death where appellant had only used a note stating, "Give me a pack of $20s or I will shoot somebody in here now."), and *United States v. Murray*, 65 F.3d 1161 (4th Cir.1995) (finding an express threat of death where the defendant

---

to apply. For example, an oral or written demand using words such as "Give me the money or I will kill you", "Give me the money or I will pull the pin on the grenade I have in my pocket", "Give me the money or I will shoot you", "Give me your money or else (where the defendant draws his hand across his throat in a slashing motion)", or "Give me the money or you are dead" would constitute a threat of death. The court should consider that the intent of this provision is to provide an increased offense level for cases in which the offender(s) engaged in conduct that would instill in a reasonable person, who is a victim of the offense, a fear of death.

U.S.S.G. § 2B3.1(b)(2)(F), cmt. n. 6 (2001).

stated, "Give me three stacks of $20s. Don't give me a dye pack. I have a gun pointed at you.... You think I'm playing?"). In addition, he notes that the explanatory comment refers to the "combination of the defendant's actions and words" as the basis for an enhancement. Our examination of the explanatory comment, however, shows Day's argument to be unconvincing.[4]

In the first place, even if the Commission's explanatory comment had made it into the Commentary itself (which it did not), we would not be required to follow it to the extent it conflicts with or misinterprets the Guideline. *Stinson v. United States*, 508 U.S. 36, 38, 113 S.Ct. 1913, 123 L.Ed.2d 598 (1993). In this case, a reading of the amendment that barred implicit threats of death (which "I have gun" surely is to the extent that it is not explicit) would flatly contradict the language of § 2B3.1(b)(2)(F) itself.

Second, and more importantly, nothing in the explanatory comment suggests a rejection of *Figueroa*. On the contrary, the comment states that the amendment adopts the "majority appellate view," which is also the view we adopted in *Figueroa*. *See Figueroa*, 105 F.3d at 878–79 ("[I]n light of the commentary's direction to consider the effect of the threat upon the reasonable victim, we find the reasoning of the Courts of Appeals for the Fourth, Seventh, Eighth, Ninth, Tenth,

and District of Columbia Circuits more persuasive."). The majority appellate position provides that whether a threat of death is express depends in part on the perception of the reasonable recipient of the threat rather than solely on whether the perpetrator made an explicit threat to kill the victim. *Id.* at 877. We agree that the explanatory comment did not mention *Figueroa*, but that hardly means that it rejected it. Likewise, the references to *Robinson* and *Murray* as examples of adequate threats of death do not undermine the validity of *Figueroa*. The threat in *Figueroa* may have been less explicit, but nowhere does the Commentary provide that *Robinson* and *Murray* represent the only examples of language that would qualify for the enhancement. On the contrary, we cited approvingly to both *Robinson* and *Murray* in the *Figueroa* opinion. *Figueroa*, 105 F.3d at 877.

Third, and finally, Day incorrectly emphasizes the language referring to "words and actions" in the explanatory comment. The Commission's examples plainly demonstrate that the robber need not use both words and actions to communicate a threat of death. *See, e.g., Robinson*, 86 F.3d at 1198 (finding an express threat of death where appellant used only a note); *Murray*, 65 F.3d at 1166 (finding an express threat of death where the defendant only orally threatened to use his gun). More-

---

**4.** The text of the explanatory comment reads:

This amendment addresses a circuit court conflict regarding the application of the "express threat of death" enhancement in § 2B3.1 (Robbery). The amendment adopts the majority appellate view which holds that the enhancement applies when the combination of the defendant's actions and words would instill in a reasonable person in the position of the immediate victim (e.g., a bank teller) a greater amount of fear than necessary to commit the robbery. See, e.g., *United States v. Robinson*,

86 F.3d 1197, 1202 (D.C.Cir.1996) (enhancement applies if (1) a reasonable person in the position of the immediate victim would very likely believe the defendant made a threat and the threat was to kill, and (2) the victim likely thought his life was in peril); *United States v. Murray*, 65 F.3d 1161, 1167 (4th Cir.1995) ("any combination of statements, gestures, or actions that would put an ordinary victim in reasonable fear for his or her life is an express threat of death").

U.S.S.G. app. C, Amendment 552 (1997).

over, the Commentary itself sanctions words alone as enough by providing that " '[a] threat of death,' as used in subsection (b)(2)(F), may be in the form of an oral or written statement, act, gesture, or combination thereof." U.S.S.G. § 2B3.1(b)(2)(F), cmt. n. 6. There is thus no merit to Day's argument that a threat of death requires both words and actions together.

### III. Conclusion

The 1997 amendment to the Sentencing Guidelines on which Day relies did not alter our holding in *Figueroa*. If anything, the amendment only reaffirmed the outcome in that case. In this context, *Figueroa* applies almost exactly to the facts before us, and thus the judgment of the District Court is affirmed.