UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
    *Plaintiff-Appellee,*

v.

JOHN ADAM MARTIN,
    *Defendant-Appellant.*

No. 02-4085

Appeal from the United States District Court
for the District of South Carolina, at Anderson.
Henry M. Herlong, Jr., District Judge.
(CR-01-440)

Submitted: August 29, 2002

Decided: September 24, 2002

Before NIEMEYER, MOTZ, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Benjamin T. Stepp, Assistant Federal Public Defender, Greenville, South Carolina, for Appellant. Isaac Louis Johnson, Jr., OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

John Adam Martin pled guilty to two counts of bank robbery, 18 U.S.C. § 2113(a) (2000), and was sentenced to a term of sixty months imprisonment. Martin's attorney has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), contesting two- and three-level enhancements under *U.S. Sentencing Guidelines Manual* § 2B3.1(b)(2)(F)-(E) (2001), but asserting that in his view there are no meritious issues for appeal. Martin has been informed of his right to file a pro se supplemental brief, but has not filed a brief. We affirm the conviction and sentence.

In Martin's first robbery (Count One), he handed the teller an envelope and a note that said, "I have a gun. Put all your money in the envelope." During the second robbery (Count Two), Martin handed the teller an envelope and a note that said, "This is a robbery. I have a gun." When the teller hesitated, Martin pointed to the inside of his coat and stated, "I have a gun." Martin was apprehended shortly after the second robbery. No gun was found, and Martin told police he had not carried a gun.

At sentencing, over Martin's objection, the district court determined that a two-level enhancement for a threat of death was warranted for the first robbery under USSG § 2B3.1(b)(2)(F) (2001), and that a three-level enhancement for possession of a dangerous weapon was appropriate for the second robbery under USSG § 2B3.1(b)(2)(E). Martin's offense level for Count One was 24. His offense level for Count Two was 25. With a two-level multiple-count adjustment under USSG § 3D1.4 and a three-level reduction for acceptance of responsibility, USSG § 3E1.1, Martin's final offense level was 24. He was in criminal history category I, giving him a guideline range of 51-63 months. The district court imposed a sentence of sixty months and a supervised release term of three years.

Both issues involve the district court's legal interpretation of a guideline term, which we review de novo. *United States v. Franks*, 183 F.3d 335, 337 (4th Cir. 1999). A threat of death,* as defined in

---

*The guideline was amended in 1997 to remove the requirement that the threat of death be express. USSG App. C, amend. 552.

Application Note 6 to § 2B3.1, "may be in the form of an oral or written statement, act, gesture, or combination thereof." Application Note 6 further states that "the intent of this provision is to provide an increased offense level for cases in which the offender(s) engaged in conduct that would instill in a reasonable person, who is a victim of the offense, a fear of death." This court has held that conduct and statements that indicate that a bank robber "is both armed and prepared to use his gun" constitute a threat of death. *Franks*, 183 F.3d at 338. While Martin's note stated only that he had a gun, three circuits have held that the words "I have a gun," uttered during a bank robbery, constitute a threat of death because a reasonable teller would fear being shot when a bank robber confronting her says that he has a gun. *See United States v. Jennette*, 295 F.3d 290, 292-93 (2d Cir. 2002); *United States v. Day*, 272 F.3d 216, 217-18 (3d Cir. 2001); *United States v. Gibson*, 155 F.3d 844, 845 (7th Cir. 1998) (statement "I have a gun" qualifies for threat of death enhancement unless unusual mitigating circumstances deprive words of their "ordinary and expected meaning," citing *United States v. Carbaugh*, 141 F.3d 791, 794 (7th Cir. 1998)). We find these authorities persuasive. Therefore, we conclude that the district court did not err in making a two-level enhancement for a threat of death in connection with the robbery charged in Count One.

Guideline section 2B3.2 (b)(2)(E) provides for a three-level enhancement "if a dangerous weapon was brandished or possessed." Application Note 2 states that:

> Consistent with Application Note 1(d)(ii) of § 1B1.1 (Application Instructions), an object shall be considered to be a dangerous weapon for purposes of subsection (b)(2)(E) if (A) the object closely resembles an instrument capable of inflicting death or serious bodily injury; or (B) the defendant used the object in a manner that created the impression that the object was an instrument capable of inflicting death or serious bodily injury (*e.g.*, a defendant wrapped a hand in a towel during a bank robbery to create the impression of a gun).

During his second robbery, Martin gave the teller a note reading "I have a gun. Put the money in the envelope." When the teller did not

act immediately, Martin pointed to his jacket and told her, "I have a gun." In making the enhancement, the district court relied on *United States v. Souther*, 221 F.3d 626 (4th Cir. 2000), *cert. denied*, 531 U.S. 1099 (2001), in which the defendant gave the teller a note stating that he had a gun and he placed his hands in his coat pockets during most of the robbery. Although Souther did not possess an object or make his concealed hand appear to be a gun, "the note made Souther's concealed hand *appear* to be a dangerous weapon to whomever was presented the note." *Id.* at 630.

Although Martin did not possess any object that could be perceived as a weapon and did not conceal his hands, he used a hand gesture to simulate possession of a gun. In *United States v. Bates*, 213 F.3d 1336, 1338-39 (11th Cir.), *cert. denied*, 531 U.S. 1056 (2000), the Eleventh Circuit held that a hand gesture that simulates possession of what appears to be a dangerous weapon is sufficient to trigger the enhancement. *Id.* at 1339. We find the reasoning in *Bates* persuasive. Therefore, the district court did not err in making the three-level enhancement under § 2B3.1(b)(2)(E).

Pursuant to *Anders*, this court has reviewed the record for reversible error and found none. We therefore affirm the conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*