**UNITED STATES of America**

v.

**Leon A. THOMAS, Appellant.**

**No. 02–1140.**

United States Court of Appeals,
Third Circuit.

Submitted Pursuant to Third Circuit
LAR 34.1(a) Feb. 24, 2003.

Filed May 1, 2003.

Burton A. Rose, Philadelphia, PA, for Appellant.

Virgil B. Walker, Office of United States Attorney, Philadelphia, PA, for Appellee.

Before BECKER, Chief Judge, and SCIRICA, Circuit Judge, and SHADUR, District Judge.*

## OPINION OF THE COURT

SCIRICA, Circuit Judge.

This case requires us to determine the applicability of a United States Sentencing Guidelines sentencing enhancement for making a "threat of death" in connection with a robbery. The District Court found that defendant Leon Thomas had implicitly made such a threat in a note he handed to a bank teller in the course of a bank robbery, and consequently imposed a two-level enhancement. We will affirm.

### I.

On June 4, 2001, Leon Thomas pleaded guilty to two counts of bank robbery, in violation of 18 U.S.C. § 2113(a). It is uncontested that during the course of one of the robberies, Thomas handed a bank teller a note reading:

> Do exactly what this says, fill the bag with $100s, $50s and $20s, a dye pack will bring me back for your ass, do it quick now. Truely yours.

On January 3, 2002, Thomas was sentenced to forty months' incarceration and three years' supervised release. He was also required to pay $6,807 in restitution. The District Court arrived at this sentence by first determining that Thomas's offense

---

* The Honorable Milton I. Shadur, United States District Judge for the Northern District of Illinois, sitting by designation.

level was twenty-three, which prescribes a range of fifty-seven to seventy-one months' imprisonment for those, like Thomas, having a criminal history category of III. The court then granted the government's motion to depart downward under United States Sentencing Guideline section 5K1.1 for substantial assistance, and sentenced defendant to forty months in prison.

In determining the original offense level, the District Court applied a two-level enhancement under United States Sentencing Guideline section 2B3.1(b)(2)(f), which applies "if a threat of death was made" in connection with the robbery. Thomas contends the District Court erred in applying this enhancement. Accordingly, Thomas argues the District Court should have begun with an offense level of twenty-one and departed downward from there.

## II.

■ Our review of a district court's interpretation of the Sentencing Guidelines is plenary. *United States v. Day*, 272 F.3d 216, 217 (3d Cir.2001). We review determinations of fact for clear error. *United States v. Carr*, 25 F.3d 1194 (3d Cir.1994). Furthermore, we must "give due deference to the district court's application of the guidelines to the facts." 18 U.S.C. § 3742(e).

■ Before 1997, the Guideline at issue required an "express threat of death." Even under that formulation, we held that the statement "I have a gun," because it might be seen by a reasonable person as a clear threat to her life, could give rise to a two-level enhancement under section 2B3.1(b)(2)(f). *United States v. Figueroa*, 105 F.3d 874, 880 (3d Cir.1997). In 1997, the Sentencing Commission modified the guideline by omitting the word "express." We have held that the amendment "broadened the Guideline rather than narrowed it." *United States v. Day*, 272 F.3d 216,

218 (3d Cir.2001). Consequently, the fact that Thomas's note did not expressly mention death does not alone imply that he is not subject to the enhancement.

■ In determining whether a threat is a "threat of death," the focus is on the reasonable response of the victim of the threat. Courts are directed by the Sentencing Guidelines Manual to "consider that the intent of this provision is to provide an increased offense level for cases in which the offender(s) engaged in conduct that would instill in a reasonable person, who is a victim of the offense, a fear of death." U.S.S.G. § 2B3.1 app. n. 6. The District Court correctly directed its focus to the question whether Thomas's note, which stated "a dye pack will bring me back for your ass," would have been viewed, under the circumstances, as a threat of death by a reasonable teller receiving the note.

### A.

Thomas contends there is an important difference between the statement, "I have a gun," and a note stating, "a dye pack will bring me back for your ass." The former, he claims, is a special kind of threat that is reasonably viewed as implicitly threatening death. A gun is a deadly weapon; its use is commonly intended to cause death. As we stated in *Figueroa*, when a robber claims possession of a gun, "the victim alerted that there is a gun is justified in believing it exists and will be used, and that his or her life is therefore in danger." 105 F.3d at 880. By contrast, Thomas's note contained no reference to a gun or other deadly weapon, and the government acknowledges that Thomas did not otherwise threaten the tellers.

Thomas also refers to the examples of threats of death in the Guidelines commentary. Each of them includes some element

from which it can be inferred that the threat is not merely a threat of violence or harm, but one of death.[1] Most relevantly, the Guidelines state that an enhancement is appropriate when a robber states, "Give me your money or else (where the defendant draws his hand across his throat in a slashing motion)." U.S.S.G. § 2B3.1 app. n. 6. On Thomas's approach, this might be read as suggesting that merely giving a general threat ("or else") is not enough–some particular indication that death is threatened, such as by making a slashing motion across one's neck, must exist to separate threats of death from mere threats of harm.

 The Sentencing Commission's limiting the enhancement to threats of death counsels that this particular enhancement does not subsume all threats. There may be a difference between a threat of violence and a threat of death. For this reason, a district court applying this enhancement should identify the features of the threat, or of the situation or context in which the threat is made, that supports the conclusion that a reasonable victim would understand that his life had been threatened.

 Nevertheless, context can be everything in these cases. In certain contexts, a general threat of violence may readily be viewed as encompassing the possibility of death. This determination requires a broad view of the situation that cannot be reduced to a set of necessary and sufficient conditions. Just as courts should not necessarily equate all threats of violence with threats of death, they should not require any specific feature of the threat to find that it is a threat of death. The reasonable person will view threats as deadly or not depending on innumerable aspects of the situation in which they are made.

### B.

 In this case, there is no dispute as to what happened. The threat in question was contained in a note that was handed to a bank teller. And there is no real dispute as to the applicable legal standard. A threat is a "threat of death" if it would reasonably so appear to the receiver of that threat–a standard the District Court applied. The question is how the legal standard is to be applied to the facts. Would a reasonable person in the place of the teller who received the note view it as a threat to her life?

 As noted, we are required to grant "due deference" to the District Court's application of the Guidelines to the facts. "Hence the question we must answer is what kind of 'deference' is 'due.' " *Buford v. United States*, 532 U.S. 59, 63, 121 S.Ct. 1276, 149 L.Ed.2d 197 (2001). The determination whether a threat amounts to a threat of death is one in which "factual nuance may closely guide the legal decision, with legal results depending heavily upon an understanding of the significance of case-specific details," *id.* at 64, 121 S.Ct. 1276, a feature particularly important in determining the level of deference due a district court in sentencing matters. *Id.; United States v. Zats*, 298 F.3d 182, 185 (3d Cir.2002). Accordingly, it is appropriate to employ a deferential standard of review to this determination.

---

1. The commentary states the following:

 For example, an oral or written demand using words such as "Give me the money or I will kill you", "Give me the money or I will pull the pin on the grenade I have in my pocket", "Give me the money or I will shoot you", "Give me your money or else (where the defendant draws his hand across his throat in a slashing motion)", or "Give me the money or you are dead" would constitute a threat of death.

 U.S.S.G. § 2B3.1 app. n. 6.

Whether Thomas's threat was a threat of death or only a threat of harm is not free from doubt. Under the penal code and the Sentencing Guidelines, the penalties for robbery necessarily contemplate that some threat has been made. Thus, any threat of harm carries serious consequences, but a threat of death is viewed as deserving of special sanction as provided by Guideline 2B3.1(b)(2)(f). Treating all threats in the course of a robbery as threats of death would defeat the distinction the enhancement seeks to capture. Nevertheless, given the inherently intimidating nature of a bank robbery, it may be reasonable for a teller to believe her life is at risk when she has been directly threatened. Of course, the circumstances and context are paramount considerations. This is reflected in the nature of our appellate review.

In any event, under the facts here, we do not believe the District Court clearly erred in finding that Thomas's statement, "a dye pack will bring me back on your ass," amounted to a threat of death.

Accordingly, we will affirm the judgment of sentence.