

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-6-2004

# USA v. Santana

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-3626

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"USA v. Santana" (2004). *2004 Decisions*. Paper 1115.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/1115

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 02-3626
_____


UNITED STATES OF AMERICA

vs.

HENRY SANTANA

Appellant.

_____


ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

(D.C. Criminal No. 99-cr-00631-4)
District Judge:  The Honorable Anita B. Brody


_____


Submitted Under Third Circuit LAR 34.1(a)
October 28, 2003



BEFORE: SCIRICA, Chief Judge, NYGAARD, and AMBRO, Circuit Judges.



(Filed: January 6, 2004 )


_____

NYGAARD, Circuit Judge.

Appellant Henry Santana pleaded guilty to drug charges in February 2001. He appeals his 210-month sentence on the grounds that: (1) it violates *Apprendi*, (2) the District Court misallocated the burdens at the sentencing hearing, and (3) the District Court erred by enhancing his sentence for distribution in proximity to a school. Santana seeks a remand for resentencing, or alternatively, a reversal of his conviction. We will affirm the sentence as imposed by the District Court.

## I. FACTS AND PROCEDURAL HISTORY

Because the facts are known to the parties, we review them only briefly. Santana was a known supplier of a Philadelphia drug conspiracy known as the Bailey Organization. On February 22, 2001, Santana pleaded guilty to conspiracy to distribute marijuana within 1000 feet of a school and two counts of attempted possession of 1000 kg of marijuana with intent to distribute. At a sentencing hearing in November 2001, the District Court began with a base offense level of 34 and added two enhancements amounting to four additional levels—two points for proximity to a school and two points for possession of a firearm. The Court then deducted three points for acceptance of responsibility. Santana's total offense level was 35, which combined with Santana's

criminal history to yield a sentencing range of 210 to 262 months.  The Court sentenced

Santana to 210 months.

We have jurisdiction over Santana's appeal under 28 U.S.C. § 1291 and 18

U.S.C. § 3742.

## II.  DISCUSSION

Santana's arguments on appeal can be consolidated into three issues.  First,

he argues that his sentence is invalid under the Supreme Court's decision in *Apprendi v.*

*New Jersey,* 530 U.S. 466 (2000).  Next, Santana contends the District Court's

distribution of burdens at the sentencing hearing was inappropriate.  Finally, Santana

claims that the District Court erred by enhancing his sentence for distribution in proximity

to a school.  We consider each issue in turn, and discuss the applicable standards of

review therein.

A.        *Apprendi*

The applicability of *Apprendi* is a question over which this court exercises

plenary review.  *United States v. Williams,* 235 F.3d 858, 861 (3d Cir. 2000).  Santana

alleges his sentence violates *Apprendi* because the quantity of drugs attributed to him at

sentencing (3000 to 10,000 kg) exceeded the amount indicated in the indictment (1000

kg).  We will affirm the District Court's holding that there is no *Apprendi* violation.

The Supreme Court in *Apprendi* held that "[o]ther than the fact of a prior

conviction, any fact that increases the penalty for a crime beyond the prescribed statutory

3

maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490. Because Santana's 210-month sentence does not exceed the statutory maximum of life available for at least one of the counts to which he pleaded guilty,[1] we conclude, as did the District Court, that *Apprendi* is not implicated.

B.          Burdens at Sentencing Hearing

We exercise plenary review over questions of law related to the District Court's application of the Sentencing Guidelines. *United States v. James*, 78 F.3d 851, 855 (3d Cir. 1996).

The District Court determined facts relevant to sentencing using a preponderance of the evidence standard. According to Santana, because the Court applied enhancements amounting to four offense levels, the standard should have been stepped up to beyond a reasonable doubt. Santana mistakenly analogizes to *United States v. Kikumura*, where this court required use of a clear and convincing evidence standard. 918 F.2d 1084, 1089 (3d Cir. 1990) (holding that a higher standard was warranted where the District Court increased the sentence from a range of 27-33 months to 360 months, the largest departure from an applicable guideline range, in absolute or percentage terms, since the Guidelines became effective). The much smaller increase applied to Santana (from base level of 34 to total offense level of 35) does not raise the concerns voiced in

---

1       The charge of conspiracy to distribute marijuana within 1000 feet of a school, 21 U.S.C. § 846, to which Santana pleaded guilty, carries a penalty of ten years to life. 21 U.S.C. § 841(b)(1)(A)(vii).

*Kikumura*. *See United States v. Mack*, 229 F.3d 226, 234 (3d Cir. 2000) (refusing to apply *Kikumura*'s heightened standard except in "similarly extreme upward departures"); *see also Kikumura*, 918 F.2d at 1101-02 (citing a list of cases recognizing the general rule is to apply a preponderance of the evidence standard).

C.        Enhancement for Proximity to a School

We exercise plenary review over questions of law related to the District Court's application of the Sentencing Guidelines. *James*, 78 F.3d at 855. Over questions of fact, the standard of review is clear error, with due deference to the District Court's application of the Guidelines to the facts. *United States v. Thomas*, 327 F.3d 253, 255 (3d Cir. 2003).

The District Court applied a two-point enhancement to Santana's sentence under Sentencing Guideline § 2D1.2, for distribution in proximity to a school. Santana's argument that this enhancement was inappropriate seems to stem from his statement at the sentencing hearing that he did not realize the Bailey Organization was operating in proximity to a school. Santana's knowledge, or lack thereof, does not defeat the applicability of the two-point enhancement. *See United States v. Rodriguez*, 961 F.2d 1089, 1092-93 (3d Cir. 1992) (holding that mere possession within proximity to a school was sufficient to apply enhancement; intent was immaterial).

### III.  CONCLUSION

For the reasons set forth, we will affirm the 210-month sentence imposed by the District Court.

_____

TO THE CLERK:

Please file the foregoing opinion.

/s/ Richard L. Nygaard

Circuit Judge

6