

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-20-2005

# USA v. Ledesma

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-1563

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation
"USA v. Ledesma" (2005). *2005 Decisions.* Paper 77.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/77

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 05-1563

———————

UNITED STATES OF AMERICA

v.

TEODORO LEDESMA,
                                    Appellant

———————

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
D.C. Crim. No. 00-cr-00096
District Judge:  The Honorable Dickinson R. Debevoise

———————

Submitted Under Third Circuit LAR 34.1(a)
November 17, 2005

———————

Before: BARRY and AMBRO, <u>Circuit Judges</u>, and POLLAK,[*] <u>District Judge</u>

———————

(Opinion Filed:  December 20, 2005)

———————

OPINION

———————

———————

[*]The Honorable Louis H. Pollak, District Judge, United States District Court for the
Eastern District of Pennsylvania, sitting by designation.

BARRY, Circuit Judge

Teodoro Ledesma appeals from his sentence of sixty-three months imprisonment and five years supervised release for bank fraud. We will affirm.

Because the parties are familiar with the facts of the case, we mention only those pertinent to our resolution of this appeal. Ledesma is a citizen of Mexico, and is not legally resident in the United States. In 1997 and 1998, he stole approximately $244,000 from the Immaculada Federal Credit Union ("IFCU") by selling IFCU money orders without remitting the corresponding amounts to IFCU. At the same time, Alicia Bruno stole approximately $256,000 from IFCU. Ledesma and Bruno acted independently but used substantially identical schemes. The amount stolen by Ledesma and Bruno was between half and three-quarters of IFCU's total assets. In the spring of 1998, Ledesma admitted to IFCU's manager that he owed it over $200,000, which he promised to repay. He did make some payments, but had stopped doing so by the spring of 1999.

IFCU was liquidated as insolvent by the National Credit Union Administration in June of 1999. Ledesma and Bruno were charged with bank fraud under 18 U.S.C. § 1344, an offense punishable by imprisonment of up to thirty years. Both pleaded guilty. Ledesma's plea agreement stipulated to many components of his Sentencing Guidelines calculation but specifically indicated that Ledesma and the government had not agreed as to the applicability to him of Specific Offense Characteristic § 2F1.1.(b)(7)(A) (1998) for "substantially jeopardiz[ing] the safety and soundness of a financial institution." When it

2

applies, the base offense level is increased by four, to a minimum of twenty-four.

Ledesma's sentencing was scheduled for August 21, 2000. He did not appear. Instead, he fled, first to Nevada and then to Tennessee, assuming a number of false identities along the way. On May 24, 2004, he was arrested in Harriman, Tennessee, for driving while under the influence of alcohol. In the intervening four years, Bruno had been sentenced to thirty-seven months imprisonment. The government introduced evidence of IFCU's collapse at Bruno's sentencing hearing, and the District Court found in its statement of reasons that both Ledesma and Bruno had caused a substantial portion of the total loss that forced IFCU into insolvency.

Ledesma was sentenced on February 14, 2005 by the same District Judge who had sentenced Bruno. His presentence investigation report (PSR) largely mirrored his plea agreement in its recommended sentence, albeit with adjustments related to his flight. The PSR recommended that the District Court find that § 2F.1.1(b)(7)(A) applied. Ledesma objected to this recommendation by letter to the probation office and at his sentencing hearing. He also argued that he deserved a shorter sentence because he had made efforts to repay IFCU, because he had no criminal record, and because he was willing to subject himself to deportation proceedings. The District Court rejected Ledesma's arguments. It found that § 2F1.1(b)(7)(A) applied because Ledesma's and Bruno's thefts caused IFCU's liquidation; with respect to Ledesma's other arguments, it stated, "In the exercise of my discretion I am taking these circumstances into account when determining the

3

appropriate sentence." The total offense level was twenty-six, which, when combined with Ledesma's lack of a criminal history, resulted in a sentencing range of sixty-three to seventy-eight months imprisonment. Finding that this range was "appropriate," the District Court sentenced Ledesma to sixty-three months imprisonment, five years supervised release, and payment of restitution. Ledesma appealed.[1]

Ledesma first contends that the District Court erred by sentencing him without considering the statutory requirements of 18 U.S.C. § 3553(a). That subsection requires the sentencing judge to "consider" seven factors, of which the applicable Guidelines range is only one. According to Ledesma, the District Court entirely disregarded the other six factors. We disagree. The District Court's statement of reasons repeatedly recognized the discretion with which it was vested and the factors that were to inform that discretion. Neither § 3553(a) nor United States v. Booker, 125 S. Ct. 738 (2005), requires that it do more. "[The Federal Sentencing Act post-Booker] *requires* a sentencing court to consider Guideline ranges, but it *permits* the court to tailor the sentence in light of other statutory concerns, as well." Booker, 125 S. Ct. at 757 (citations omitted) (emphasis added). The District Court considered those other concerns but chose not to tailor the sentence further.

---

[1] We have jurisdiction under 18 U.S.C. § 3742(a). We apply plenary review to questions of law, including the District Court's interpretation of the Sentencing Guidelines. See, e.g., United States v. Moorer, 383 F.3d 164, 167 (3d Cir. 2004). We review the District Court's determinations of fact for clear error, with due deference to its application of the Guidelines to the facts. See, e.g., United States v. Thomas, 327 F.3d 253, 255 (3d Cir. 2003).

Ledesma next argues that there was insufficient evidence to establish that he jeopardized the soundness of a financial institution. We disagree. Ledesma stole an amount equivalent to more than a quarter of IFCU's total assets; the National Credit Union Administration indicated that his and Bruno's thefts led directly to IFCU's collapse. Ledesma never offered any evidence to the contrary. The District Court had more than sufficient evidence from which to find that § 2F1.1(b)(7) applied.[2]

Finally, Ledesma argues that <u>Booker</u> forbade the District Court from increasing his sentence based on its own fact-finding. He misapprehends <u>Booker</u>, which applies only to facts "necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty." <u>Booker</u>, 125 S. Ct. at 756. Ledesma's sentence was well within the thirty-year statutory maximum for bank fraud. <u>See</u> 18 U.S.C. § 1344. As jeopardizing the soundness of a financial institution was not an element of the crime of bank fraud, the District Court was permitted to make that factual determination by a preponderance of the evidence. <u>See</u> <u>United States v. Miller</u>, 417 F.3d 358, 362-63 (3d Cir. 2005).

We will affirm the judgments of conviction and sentence of the District Court.

---

[2]Ledesma had ample opportunity to present evidence in rebuttal. <u>See</u> Fed. R. Crim. P. 32(i)(2). He also was on "fair notice" of the evidence upon which the District Court relied. <u>See</u> <u>United States v. Reynoso</u>, 254 F.3d 467 (3d Cir. 2001).