

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-8-2007

# USA v. Walker

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-3456

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Walker" (2007). *2007 Decisions*. Paper 245.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/245

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 06-3456 and 06-3503
_____

UNITED STATES OF AMERICA

vs.

WILLIAM WALKER,
                                    Appellant in 06-3456

UNITED STATES OF AMERICA

vs.

DAVID SCHENCK,
                                    Appellant in 06-3503


_____


APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
(D.C. Crim No. 05-cr-00310)
District Judge:  Honorable Gustave Diamond
_____


Submitted Under Third Circuit L.A.R. 34.1(a)
November 1, 2007
Before:  RENDELL, WEIS and NYGAARD, Circuit Judges.

(Filed: November 8, 2007)


_____


OPINION

1

WEIS, <u>Circuit Judge</u>.

Defendants Walker and Schenck were convicted of bank robbery in violation of 18 U.S.C. § 2113(a). Their appeals have been consolidated. Schenck was sentenced to 70 months incarceration and Walker to 57 months.

On September 2, 2005, Schenck entered a bank and handed the teller a plastic bag along with a note stating, "Put all money in the bag nobody will get hurt or you die." After the teller handed him some money, Schenck left the bank and handed the money to Walker, who had been waiting outside. The two then split up in an effort to foil any pursuit.

In calculating the applicable Guidelines range for both defendants, the District Court added a two point enhancement under U.S.S.G. § 2B3.1(b)(2)(F) for a threat of death. Defendants appeal only the threat of death enhancement. They argue that a reasonable person would not be put in fear of death by the demand note because Schenck was "visibly intoxicated and noticeably homeless" and that their argument is supported by the teller's testimony that she did not really believe that Schenck's demand was real. We conclude that the District Court did not err in its ruling.

We have held that the test for application of the threat of death enhancement is the effect on a reasonable person. <u>See</u> <u>United States v. Thomas</u>, 327 F.3d 253, 255 (3d Cir. 2003). The teller's response is irrelevant because this is an objective,

2

rather than a subjective, standard. Under the facts here, the District Court did not err in concluding that a reasonable person in the teller's position would believe her life was threatened. The argument that Schenck was visibly intoxicated and harmless was just that – mere argument. No evidence to this effect was produced.

Accordingly, the judgment of the District Court will be affirmed.