

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-30-2008

# USA v. Suggs

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3256

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Suggs" (2008). 2008 Decisions. Paper 301.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/301

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

———

No. 07-3256

———

UNITED STATES OF AMERICA

v.

JAMES SUGGS,
Appellant

———

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 03-cr-00109)
District Judge: Honorable Michael M. Baylson

———

Submitted Under Third Circuit LAR 34.1(a)
October 27, 2008

Before: SLOVITER, GREENBERG, Circuit Judges,
and IRENAS,[*] Senior District Judge

Filed: October 30, 2008

———

OPINION

———

———

[*] Honorable Joseph E. Irenas, Senior United States District
Judge for the District of New Jersey, sitting by designation.

SLOVITER, Circuit Judge.

James Suggs was found guilty by a jury of two separate bank robberies in violation of 18 U.S.C. § 2113(a). The District Court found an offense level of twenty-six which included a two-level enhancement for a death threat during one of the robberies. The Guidelines range was 92-115 months and the District Court sentenced Suggs to 110 months imprisonment with three years supervised release and payment of a $200 special assessment. On appeal, this court affirmed the conviction but remanded the case for reconsideration of the sentence in light of the subsequent decision in United States v. Booker, 543 U.S. 222 (2005). At resentencing, the District Court reimposed the same sentence. Suggs appeals again and argues that the District Court erred in enhancing his sentence two offense levels and that the sentence was unreasonable.

## I.

The teller at the Commonwealth Bank branch that Suggs robbed on March 29, 2002, testified that she looked up and saw the robber, "completely covered with black," leaning over her window with a bag. App. at 26. As she began to put money into the bag, he demanded fifty- and one hundred-dollar bills. She told him she did not have any. In response, the robber stated, "well, maybe you'd like to have some of this," and slowly raised his hand and then opened it. App. at 27-28. When he opened his hand, it was empty. The teller testified that the robber's tone of voice was demanding and that she thought he was bringing out a weapon when he made this gesture. She could not see the

robber's features because he was covered in dark clothing, and she had the impression he was wearing a cape and a mask. Another employee at the same bank testified that from her view at her desk in the front of the office, she thought the robber was reaching for a gun when she saw him gesturing and reaching into his pocket. The District Court stated it was a "close case" on the enhancement. However, it found that although the statement "well, maybe you'd like to have some of this" with the hand gesture was not an explicit death threat, it was not an unreasonable inference under the circumstances that the teller could have thought that she faced a threat of death. Suggs appeals the sentence.[1]

## II.

A district court finds facts relevant to sentencing under the preponderance of the evidence standard. United States v. Grier, 475 F.3d 556, 568 (3d Cir. 2007) (en banc). We review such factual findings for clear error. Id. at 570.

Guideline section 2B3.1(b)(2)(F) provides for a two-level increase to the offense level "if a threat of death was made." U.S.S.G. § 2B3.1(b)(2)(F). In determining whether to apply the enhancement, the court must focus on whether "the offender(s) engaged in conduct that would instill in a reasonable person, who is a victim of the offense, a fear of death." U.S.S.G. § 2B3.1 app. n.6; see also United States v. Thomas, 327 F.3d 253, 255 (3d Cir. 2003) (quoting U.S.S.G. § 2B3.1 app. n.6). The offender "does not have to state

_____

[1] We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a)(1).

3

expressly his intent to kill the victim." U.S.S.G. § 2B3.1 app. n.6.

Suggs emphasizes our interpretation of the enhancement in <u>Thomas</u> where we stated that the enhancement does not treat all threats as death threats. <u>See</u> <u>Thomas</u>, 327 F.3d at 257. However, we explained that the conclusion whether a reasonable victim views a threat as deadly or not depends on the features of the threat and the context. <u>Id.</u> at 256. There, we affirmed the district court's finding that a note given to a bank teller during a robbery that stated "a dye pack will bring me back for your ass" amounted to a death threat. <u>Id.</u> at 257. We stated that "given the inherently intimidating nature of a bank robbery, it may be reasonable for a teller to believe her life is at risk when she has been directly threatened." <u>Id.</u> Rather than support Suggs, our decision in <u>Thomas</u> supports the District Court's finding.

In this case, the teller and another bank employee testified that they feared the robber was reaching for a weapon when he made the hand gesture. In light of the inherently intimidating nature of the robbery, it was not unreasonable for the teller to have believed her life was being threatened when Suggs, covered in black clothing, responded to her inability to meet his demands by threatening "maybe you'd like to have some of this," while gesturing and raising his hand. Accordingly, the District Court did not clearly err when it concluded that the statement coupled with the hand gesture amounted to a death threat under Guideline section 2B3.1(b)(2)(F). Therefore, Suggs' sentence was appropriately enhanced two levels.

4

**III.**

Suggs next argues that the District Court imposed an unreasonable sentence under Booker. Suggs argues that the District Court erred by placing too much weight on the Guidelines, failing to consider all of the factors under 18 U.S.C. § 3553(a), and failing to give sufficient reasons for going above the minimum Guideline sentence. We review the reasonableness of a sentence in two steps. First, we ensure that the district court committed no significant procedural error, and second, we consider the substantive reasonableness under an abuse-of-discretion standard. Gall v. United States, 128 S. Ct. 586, 597 (2007); United States v. Wise, 515 F.3d 207, 217-18 (3d Cir. 2008). If the sentence is within the Guidelines range, we may, but are not required to, apply a presumption of reasonableness. Gall, 128 S. Ct. at 597. "As long as a sentence falls within the broad range of possible sentences that can be considered reasonable in light of the § 3553(a) factors, we must affirm." Wise, 515 F.3d at 218.

A sentencing court's failure to consider all of the § 3553(a) factors or adequately explain its sentence is a procedural error. Id. at 217 (quoting Gall, 128 S. Ct. at 597). We see no such error here. The record reflects that the District Court meaningfully considered the § 3553(a) factors.

Suggs argues that the District Judge failed to consider other positive factors regarding his history and characteristics that his counsel presented at the initial sentencing hearing and that subsequent counsel adopted at the resentencing hearing. Although the

5

District Court did not explicitly mention this evidence in the resentencing decision, it found that Suggs' criminal history and the violent nature of the offense outweighed this evidence.

Furthermore, the sentence is substantively reasonable. The District Court imposed a sentence within the Guidelines range after reasoned consideration of the § 3553(a) factors. As the "sentence falls within the broad range of possible sentences that can be considered reasonable in light of the § 3553(a) factors, we must affirm." Wise, 515 F.3d at 218. The District Court's refusal to impose a sentence below the guidelines was not abuse of discretion.

**IV.**

For the above-stated reasons, we will affirm the District Court's sentence.

6